**\*\*E-filed 3/19/12\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MICHAEL COOK,            No. C 12-0712 RS

    Plaintiff,            **ORDER DISMISSING ACTION**

v.

MICHAEL J. ASTRUE,

    Defendant.
_____/

On February 21, 2012 an order issued directing plaintiff to show cause why this action should not be dismissed in light of the fact that it apparently was filed in disregard of prior orders that (1) plaintiff should not file complaints related to this issue in small claims court, given the government's right to remove, (2) plaintiff specifically was not to file any more complaints regarding this matter during the 2011 calendar year, and (3) this court will lack jurisdiction until and unless the administrative process is exhausted. Separately, the government was directed to file and serve a declaration setting out the current status of the underlying administrative appeal, and its best estimate as to when conclusion of the administrative process can reasonably be expected.

In response, plaintiff explains he believed that as long as he did not *serve* this action until 2012, he would be in substantial compliance with the order not to make further filings in 2011. Plaintiff also urges the court to consider that the delays in processing his administrative appeal have effectively left him without a remedy.

The government's response to the February 21, 2012 order asserts that as of March 2, 2012, the Appeals Council of the Social Security Administration was "in the process of locating"

plaintiff's file, so that a decision could be made either to deny his appeal or issue yet another remand to an Administrative Law Judge for further proceedings. The government nevertheless anticipates a decision from the Appeals Council within six weeks.

Because the court still lacks jurisdiction, this action must be dismissed. The government is advised, however, that it cannot indefinitely delay plaintiff's right to judicial review by failing to complete the administrative process. The government's previously expressed frustration with plaintiff's repeated filings prior to exhaustion of the administrative process rings increasingly hollow as the delay increases, particularly given the revelation that plaintiff's file apparently had been lost. A reasonable inference is that had plaintiff not filed his present complaint, the Social Security Administration would have taken no action to complete the processing of his administrative appeal. Even though Court lacks jurisdiction to review agency action prior to exhaustion of the administrative process, it is less clear that it would be powerless to grant appropriate relief should continued delay in completing that process rise to a sufficiently egregious level.

This action is dismissed, and the Clerk shall close the file. Nevertheless, the Government is directed to file a copy of the Appeals Council decision under this case number promptly upon issuance. If plaintiff has not received such a decision by June 1, 2012, he may file a letter under this case number so advising the Court, not a new action. Plaintiff is forewarned that in the event the Appeals Council remands his case to an Administrative Law Judge for further proceedings, there will necessarily be further delay, and that will *not* give him the right to seek relief from the Court until those proceedings are concluded. Once the administrative process is finally exhausted, whether as a result of plaintiff's now pending appeal or upon the conclusion of further proceedings following any remand, plaintiff may then seek judicial review by filing a *new* action in this Court.

IT IS SO ORDERED.

Dated: 3/19/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

**Michael Cook**
T-79529
Pelican Bay State Prison
Post Office Box 7500
Crescent City, CA 95532

DATED: 3/19/12

/s/ Chambers Staff

Chambers of Magistrate Judge Richard Seeborg

3

No. C 12-0712 RS